IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JERRY EUGENE DEATHERAGE,            )
                                    )
                Petitioner,         )
                                    )
v.                                  )        Case No. CIV-04-1716-L
                                    )
RANDALL WORKMAN, *et al.*,          )
                                    )
                Respondents.        )

## REPORT AND RECOMMENDATION

Mr. Jerry Eugene Deatherage seeks habeas relief in connection with his state court convictions. The Respondents[1] have moved for dismissal on grounds of timeliness, and the Court should grant the motion.

## Background

The present action stems from convictions in four cases for robbery with an imitation firearm. *See* Petition for Writ of Habeas Corpus by a Person in State Custody at p. 1 (file-stamped Dec. 17, 2004) ("Petition"). Mr. Deatherage pled guilty in all of the cases on August 15, 2003, and he did not move to withdraw the pleas.[2] *See id.* at pp. 1-2.

---

[1]     The Respondents have moved to dismiss the Oklahoma Attorney General as a party. Motion to Dismiss Petition for a Writ of Habeas Corpus at p. 1 n.1 (Jan. 10, 2005). But Mr. Deatherage's petition is untimely, and the Court should deny relief regardless of the identity of the respondent. *See infra* pp. 3-10. Thus, the Court need not decide whether the attorney general is a proper party.

[2]     In the brief supporting habeas relief, Mr. Deatherage states that he had timely sought "to withdraw the plea and get a different attorney." Brief in Support of Petition for Writ of Habeas Corpus at p. 8 (Jan. 4, 2005) ("Petitioner's Brief in Support"). But, this allegation is deficient for three reasons. First, as the sole support for the allegation, Mr. Deatherage attached a letter dated April 20, 2003, which was over three months prior to the entry of a guilty plea. *Id.* at p. 8 &
(continued...)

On August 5, 2004, the Petitioner filed an application for post-conviction relief in state district court.  Brief in Support of Motion to Dismiss Petition for Writ of Habeas Corpus, Exhibit 6 (Jan. 10, 2005) ("Brief Supporting Respondents' Motion to Dismiss"); *see* Petition at p. 2 (stating that the post-conviction application was filed on August 5, 2004). The court denied the application on September 13, 2004,[3] and Mr. Deatherage appealed.[4]  On December 7, 2004, the Oklahoma Court of Criminal Appeals ("OCCA") dismissed the appeal on grounds of timeliness.  Brief Supporting Respondents' Motion to Dismiss, Exhibit 8.

Mr. Deatherage filed the habeas petition in this Court no earlier than December 13, 2004.[5]

---

[2](...continued)
attachment.  Second, in the habeas petition, Mr. Deatherage stated that the only prior motions involving his conviction were an application for post-conviction relief and petition in error.  Petition at pp. 2-3.  He did not mention the alleged motion for leave to withdraw the guilty plea.  *See* Petition, *passim*.  Third, Mr. Deatherage elsewhere admitted that the sentence had become final on August 15, 2003, and that he "did not file any action for relief until August 5, 2004," when he filed an application for post-conviction relief in state district court.  Reply to State's Motion to Dismiss at p. 2 (Jan. 25, 2005) ("Petitioner's Reply").

[3]     Mr. Deatherage states that the order was denied on September 10, 2004, rather than September 13, 2004.  Petition at p. 2.  The state district court issued the order on September 10, 2004, but did not file the document until September 13, 2004.  *See* Brief Supporting Respondents' Motion to Dismiss, Exhibit 5 at pp. 1, 5.  The timeliness of an appeal is based on the date that the order is filed, rather than when it is issued.  *See infra* note 7.

[4]     Brief Supporting Respondents' Motion to Dismiss, Exhibits 5 & 7.

[5]     The petition contains a verification signed by Mr. Deatherage on December 13, 2004, and a certificate of mailing dated two days later.  Petition at p. 4.  The petition is deemed filed when Mr. Deatherage gave it to prison authorities for mailing.  *See Hoggro v. Boone*, 150 F.3d 1223, 1226 n.3 (10th Cir. 1998); *see also Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a prisoner's notice of appeal is deemed "filed" when he delivers it "to prison authorities for forwarding to the district court").  In this situation, the Court should assume *arguendo* that Mr. Deatherage had given
(continued...)

## Timeliness of the Present Action

The present action is untimely because it was initiated after expiration of the limitations period.

I.  Statute of Limitations

Under federal law, a one-year period of limitations exists for the filing of federal habeas actions.  *See* 28 U.S.C. § 2244(d)(1).  This period begins to run from "the latest of" four dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."   28 U.S.C. § 2244(d)(1)(A).

As noted above, the judgments were entered on August 15, 2003, pursuant to guilty pleas.  Brief Supporting Respondents' Motion to Dismiss, Exhibits 1-4; *see supra* p. 1.  Mr. Deatherage had ten days in which to file motions to withdraw the pleas.  *See* Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals ("to appeal from any conviction on a plea of guilty . . . , the defendant must have filed . . . an application to withdraw the plea within ten (10) days from the date of the pronouncement of the Judgment and Sentence").  He did not do so[6] and the convictions became "final" at the earliest on August 25, 2003.  *See Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001) (holding that for purposes of the limitations

---

[5](...continued)

the petition to authorities for mailing on the same day that he verified it.  *See United States v. Gray*, 182 F.3d 762, 766 (10th Cir. 1999) ("Because the only evidence of the date appellant gave his motion to prison authorities for mailing is his certificate of service, which contains a declaration in compliance with 28 U.S.C. § 1746, that he did so on April 21, appellant's motion was timely.").

[6]        *See supra* note 2.

period under 28 U.S.C. § 2244(d), an Oklahoma conviction following a guilty plea became final ten days after entry of the judgment and sentence).  Thus, in the absence of tolling, the limitations period would have expired on August 25, 2004.  *See* 28 U.S.C. § 2244(d)(1)(A).

II.   Statutory Tolling

Mr. Deatherage is entitled to 69 days of tolling under federal law.

Federal law provides that the limitations period is tolled for a "properly filed application for State post-conviction or other collateral review."  28 U.S.C. § 2244(d)(2). Mr. Deatherage filed an application for post-conviction relief on August 5, 2004, which triggered the tolling provision.  *See supra* p. 2.  The state district court denied relief, and Mr. Deatherage appealed.  *See id.*  But the OCCA dismissed the appeal because it had been filed out of time.  *See id.*  In these circumstances, the limitations period was tolled for the 30-day time period in which Mr. Deatherage could have properly appealed; but the tolling stopped on the 30th day, October 13, 2004.[7]  With tolling for his post-conviction proceedings in state district court (39 days) and the appeal period (30 days), Mr. Deatherage's limitations

---

[7]      A petition in error and supporting brief are due 30 days from the date that the underlying order is filed.  *See* Okla. Stat. tit. 22 § 1087; Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeals.  Thus, when an Oklahoma prisoner does not appeal or improperly appeals the denial of post-conviction relief, the tolling lasts for 30 days after the state district court's ruling.  *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) ("regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law" (emphasis in original)).  But the tolling ends on the 30th day if the defendant files an untimely petition in error to appeal the denial of post-conviction relief.  *See Hoggro v. Boone*, 150 F.3d 1223, 1226 n.4 (10th Cir. 1998) ("We may not count the additional time during which Hoggro appealed the denial of his application for post-conviction relief because that appeal was untimely.").

deadline was extended 69 days past August 25, 2004.  This tolling ended on November 2, 2004.

## III.   Equitable Tolling

Mr. Deatherage argues that as a matter of equity, he is entitled to further tolling because: (1) he did not timely receive the order denying his application for post-conviction relief, (2) prison officials sent the OCCA a copy of his pauper's affidavit instead of the original, and (3) he had severe emotional difficulties.  Petitioner's Brief in Support at pp. 3-6; Petitioner's Reply at pp. 1-3, 5.  These allegations do not entitle Mr. Deatherage to equitable tolling.[8]

### A.   Standard for Equitable Tolling

The limitations period may be subject to equitable tolling "in rare and exceptional circumstances. . . ."  *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003).   To justify equitable tolling, the petitioner must "demonstrate[] that the failure to timely file was caused

---

[8]     Mr. Deatherage suggests the possibility of an evidentiary hearing on the issue of equitable tolling.  Petitioner's Reply at p. 5.  The Court has discretion regarding the availability of an evidentiary hearing.  *See Fisher v. Gibson*, 262 F.3d 1135, 1145 (10th Cir. 2001) ("Since 28 U.S.C. § 2244 does not require a hearing on the issue of time-bar or equitable tolling, an evidentiary hearing would be a matter of discretion.").  Such a hearing would serve little purpose here, as the Petitioner's allegations are deficient as a matter of law on the issue of equitable tolling.  *See*, *e.g.*, *Shelton v. Unknown Warden*, 37 Fed. Appx. 341, 343 (10th Cir. Feb. 7, 2002) (unpublished op.) (upholding denial of an evidentiary hearing because even if the habeas petitioner's allegations were true, they would not compel equitable tolling).

by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citations omitted). For example, equitable tolling may be appropriate when: (1) "a constitutional violation has resulted in the conviction of one who is actually innocent or incompetent,"[9] (2) "an adversary's conduct - or other uncontrollable circumstances - prevents a prisoner from timely filing," or (3) "a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period . . . ."[10]

B.    Delay in Receipt of the State District Court's Order and Error by Prison Officials in the Mailing of a Copy of the Pauper Affidavit

In part, the Petitioner relies on a mail delay and an error by prison officials in the mailing of the pauper affidavit. *See supra* p. 5. The state district court denied post-conviction relief on September 13, 2004. *See id.* p. 2. According to Mr. Deatherage, however, he did not receive the order until September 30, 2004. Petitioner's Reply at p. 1. On October 29, 2004, a deputy court clerk mailed Mr. Deatherage a letter explaining that the petition in error was not filed because of the failure to pay the filing fee or to submit an affidavit for pauper status. *See* Petitioner's Reply, attachment. According to the Petitioner, prison officials had erroneously mailed a copy of the pauper affidavit rather than the original. Petitioner's Reply at p. 1. The Petitioner claims that the mail delay and error by prison officials had combined to render the post-conviction appeal untimely through no fault of his own. *Id.*

---

[9]    *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

[10]   *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted).

6

Mr. Deatherage's allegations are self-defeating for two reasons: (1) The alleged delays would not have prevented the filing of a timely post-conviction appeal; and (2) the alleged inability to timely appeal in state court could have been remedied through the filing of an application for leave to appeal out-of-time, as suggested by the OCCA.

First, Mr. Deatherage's admitted receipt of the state district court's order on September 30, 2004,[11] would have given him thirteen days to appeal.[12] Mr. Deatherage was aware of the 30-day deadline for a petition in error.  Petitioner's Brief in Support at p. 3; *see* Brief Supporting Respondents' Motion to Dismiss, Exhibit 7 at p. 1 (stating in the petition in error that Mr. Deatherage "realizes that there is a 30 [day] deadline for appealing the denial" of post-conviction relief).  Even realizing that he had only seventeen days left, Mr. Deatherage waited another 21 days to complete and mail the petition in error.  *See* Petitioner's Reply at pp. 2-3.  Even with the original of the pauper affidavit, the petition in error would have been late.

Second, if Mr. Deatherage was not responsible for the delay, he could have obtained leave to appeal out-of-time.  *See* Rule 2.1(E), Rules of the Oklahoma Court of Criminal Appeals.  Indeed, in dismissing the post-conviction appeal, the OCCA stated:

> Petitioner complains that he did not receive the District Court order until September 30, 2004, because he was confined in an isolated unit at the Lexington Correctional Center.  Petitioner also complains he has limited

---

[11]     *See supra* p. 6.

[12]     *See supra* note 7.

> access to the facility law library.  However, these are issues for consideration
> in an application for post-conviction appeal out of time.

Brief Supporting Respondents' Motion to Dismiss, Exhibit 8 at p. 2.  Instead of seeking leave

for an out-of-time appeal, Mr. Deatherage proceeded directly to this Court with the filing of

a habeas petition.[13]  But without the benefit of statutory tolling past November 2, 2004, a

habeas petition would be untimely.  If Mr. Deatherage was denied a post-conviction appeal

through no fault of his own, he could have obtained leave to appeal out-of-time and obtained

the benefit of statutory tolling for the appeal.  His decision to bypass this route could not be

attributed to others and is fatal to a theory of equitable tolling.

    For both reasons, the alleged mail delay and error by prison officials would not justify

equitable tolling.

    C.    Mental Illness

    The same is true for the theory involving mental illness because there too Mr.

Deatherage has not alleged facts which would have created external barriers to the filing of

a timely habeas petition.

    The Tenth Circuit Court of Appeals has "never held that an individual's mental

incapacity entitles him to equitable tolling."  *Harms v. Internal Revenue Service*, 321 F.3d

1001, 1006 (10th Cir.) (citation omitted), *cert. denied*, 540 U.S. 858 (2003).  But the court

---

[13]     Mr. Deatherage states that he had sought leave to appeal out-of-time through a request for
"[e]quitable [t]olling" in his petition in error.  Petitioner's Brief in Support at p. 3.  But Mr.
Deatherage filed the petition in error in the OCCA, and a request for leave to appeal out-of-time
must be initiated in the state district court.  *See* Rule 2.1(E), Rules of the Oklahoma Court of
Criminal Appeals; *Gibson v. Klinger*, 232 F.3d 799, 806-807 (10th Cir. 2000).

has stated that for equitable tolling, any invocation of mental incapacity must include allegations of "exceptional circumstances." *Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996) (citations omitted). These "circumstances are not present where the party urging tolling has been able to pursue legal action during the period of his or her alleged incapacity." *Smith v. Saffle*, 28 Fed. Appx. 759 (10th Cir. Oct. 10, 2001) (unpublished op.) (citation omitted).

As discussed above, Mr. Deatherage's limitations period would have ended on November 2, 2004, without equitable tolling. *See supra* p. 5. Eighty-nine days earlier, Mr. Deatherage had filed a brief supporting post-conviction relief,[14] which closely resembles the brief supporting habeas relief later filed in this Court.[15] Mr. Deatherage's ability to file a post-conviction brief prior to November 2, 2004, shows that he could have filed a timely habeas petition in this Court notwithstanding his alleged mental illness.[16]

---

[14]  *See supra* pp. 2, 4.

[15]  *Compare* Brief Supporting Respondents' Motion to Dismiss, Exhibit 6, *with* Petitioner's Brief in Support.

[16]  *See Takemire v. Novak*, 57 Fed. Appx. 385, 387 (10th Cir. Feb. 6, 2003) (unpublished op.) (rejecting an argument for equitable tolling based on the habeas petitioner's "history of severe psychological distress" and "long standing physical complications," as they did not reflect external circumstances preventing timely filing of the petition); *see also Hall v. United States Department of Labor*, 198 F.3d 257, 1999 WL 815830, Westlaw op. at 3 n.1 (10th Cir. Oct. 13, 1999) (unpublished op.) ("We need not consider whether we recognize such a claim [of equitable tolling], because [the plaintiff] fails to show, whatever the source of his [mental] incapacity, that he was so impaired that he could not have filed a timely claim." (citation omitted)).

D.    <u>Summary</u>

The Petitioner's excuses are legally insufficient to justify equitable tolling.  As a result, the limitations period expired on November 2, 2004, and Mr. Deatherage's filing of a habeas petition in December 2004 was untimely.

**<u>Recommendation and Notice of Right to Object</u>**

The Petitioner's claims are time-barred, and the Court should grant the Respondents' motion to dismiss.

The parties may seek review by filing an objection with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1) (2000).  The deadline for objections is March 16, 2005.  *See* W.D. Okla. LCvR 72.1(a).  The failure to timely object would foreclose appellate review of the suggested ruling.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

**<u>Status of the Referral</u>**

The referral to the undersigned is terminated.

Entered this 24th day of February, 2005.

_Robert E. Bacharach_

Robert E. Bacharach
United States Magistrate Judge