IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JERRY EUGENE DEATHERAGE, )
)
              Petitioner, )
)
v. )   No. CIV-04-1716-L
)
RANDALL WORKMAN, et al., )
)
             Respondents. )

## O R D E R

This matter is before the court for review of the Report and Recommendation issued by the Honorable Robert E. Bacharach on March 16, 2005, in which he recommended that the petition for writ of habeas corpus be dismissed as untimely. In his timely filed objections, petitioner argues that the statute of limitations should be equitably tolled because his failure to comply with procedural rules of the Oklahoma Court of Criminal Appeals was through no fault of his own. The Court of Appeals for the Tenth Circuit recently reiterated that equitable tolling is limited "to 'rare and exceptional' circumstances." Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003) (*quoting* Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)). The Court found that

> [e]quitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective

> pleading during the statutory period. Simple excusable neglect is not sufficient.

Burger, 317 F.3d at 1141-42 (*quoting* Gibson, 232 F.3d at 808). Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001).

Pursuant to 28 U.S.C. § 636(b), the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." In accordance with this mandate, the court has reviewed the Report and Recommendation, petitioner's objections thereto and the case file. Based on this review, the court concludes that petitioner has demonstrated his entitlement to equitable tolling. In this case, petitioner actively pursued his judicial remedies, but filed a defective pleading because of the actions of prison authorities. The court therefore finds that the petition, which was deemed filed on December 13, 2004, was timely filed. In light of this ruling, this matter is recommitted to Judge Bacharach for further proceedings.

It is so ordered this 5th day of July, 2005.

*Tim Leonard*
TIM LEONARD
United States District Judge